DARIEN K. WALLACE (SBN 139798)
  *darien@imperiumpw.com*
T. LESTER WALLACE (SBN 159967)
  *lester@imperiumpw.com*
AMIR V. ADIBI (SBN 290571)
  *amir@imperiumpw.com*
ANDREW C. PALMER (SBN 317897)
  *andrew@imperiumpw.com*
**IMPERIUM PATENT WORKS LLP**
315 Ray Street
Pleasanton, California 94566
Telephone: 925-550-5067
Facsimile: 925-835-5804

Attorneys for *Plaintiff*, ZINUS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ZINUS, INC.,<br>a California corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>CLASSIC BRANDS, LLC,<br>a Delaware Limited Liability<br>Company,<br><br>            Defendant. | Case No. 2:19-cv-05455<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF  ZINUS, INC.'S
COMPLAINT FOR
PATENT INFRINGEMENT

Plaintiff Zinus, Inc. ("Zinus") files this complaint and demand for jury trial seeking relief for patent infringement by Defendant Classic Brands, LLC ("Classic Brands"), alleging as follows:

## NATURE OF ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the U.S. Code, including 35 U.S.C. §§ 271 *et seq.*

## THE PARTIES

2.     Zinus is a corporation organized and existing under the laws of the State of California having its principal place of business at 5731 Promontory Parkway, Tracy, California 95377.  Zinus is in the business of manufacturing and selling innovative bedding products.

3.     Zinus is the owner of United States Patent Number 8,931,123 ("the '123 Patent").  A true and correct copy of the '123 Patent is attached as Exhibit A to the accompanying Declaration of Darien Wallace.

4.     Zinus is the owner of United States Patent Number 9,474,382 ("the '382 Patent").  A true and correct copy of the '382 Patent is attached as Exhibit B to the accompanying Declaration of Darien Wallace.

5.     Classic Brands is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 8214 Wellmoor Court, Jessup, Maryland 20794.

6.     Classic Brands is registered with the of the Secretary of State of the State of California as a foreign entity doing business in California.  Registration documents on file with the Secretary of State of the State of California list Jason Tompkins at 1431 Via Plata Street, Long Beach, California 90810 as the registered agent for service of process in California.

/ / /

/ / /

/ / /

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT             - 2 -
INFRINGEMENT

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.    This Court has personal jurisdiction over Classic Brands because Classic Brands has conducted and continues to conduct business within the State of California.  This Court has specific personal jurisdiction over Classic Brands because Classic Brands has knowingly and purposefully directed its wrongful acts to the forum state of California.  Classic Brands has purposefully directed its wrongful acts to this forum state in that Classic Brands has advertised its infringing products in this forum via the internet, and has then caused those products to be sold to end customers located in the forum state, thereby causing infringement to occur in the forum state.  The resulting sales of infringing products in this forum targeted and harmed Zinus, Inc., a California company. These sales of infringing products occurred as a result of Classic Brands' advertising and Classic Brands' directing of customers on how to purchase and obtain infringing beds in this forum state.  In addition, this Court has general personal jurisdiction over Classic Brands because Classic Brands has continuous and systematic business contacts with the forum state.  Classic Brands operates a warehouse and office in the forum (1431 Via Plata Street, Long Beach, California), and at that location employs about thirty employees who work on a day-to-day basis in the forum.  The Long Beach warehouse, production line and office allows Classic Brands to better serve its West Coast retail customers and to streamline the logistics for all of Classic Brands' dealers.

9.    Venue is proper in the Central District of California under 28 U.S.C. 1400(b) because Classic Brands has committed acts of infringement in this District and also has a regular and established place of business in this District.

10.  Classic Brands has committed acts of infringement in the Central District of California ("this District") because: 1) Classic Brands has induced

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 3 -
INFRINGEMENT

direct infringement under 35 U.S.C. §271(b), where that direct infringement occurred in this District; and 2) Classic Brands is a contributory infringer under 35 U.S.C. §271(c) that has caused direct infringement to occur in this District. Classic Brands maintains and operates a website "www.ClassicBrands.com". Numerous upholstered platform beds that literally infringe numerous claims in both the '123 Patent and the '382 Patent are pictured on a webpage of the www.ClassicBrands.com website entitled "Upholstered Headboards and Platform Bed Frames". One of these infringing beds is labeled on the webpage as the "Mornington Upholstered Headboard and Platform Bed Frame with Wood Slat Support". Potential purchasers of these infringing beds use the internet to view this webpage. These potential purchasers include potential purchasers who are physically located in this District. Potential purchasers who are viewing the webpage are induced to buy infringing beds in part due to the webpage presenting a selectable hypertext link entitled "Where To Buy". When the "Where To Buy" hypertext link is selected, the potential purchaser is taken to another webpage on the "www.ClassicBrands.com" website entitled "Where To Buy Classic Brands Products". Numerous icons appear below on the "Where To Buy Classic Brands" webpage, including an Amazon.com icon, a Walmart.com icon, a Wayfair.com icon, an Overstock.com icon, a Macys.com icon, a Hayneedle.com icon, a HomeDepot.com icon, a Cymax.com icon, a Jet.com icon, a AtgStores.com icon (Lowes.com), and a WeekendsOnly.com icon. If, for example, a potential purchaser clicks one time on the Amazon.com icon, the potential customer is taken directly to a webpage on the "www.Amazon.com" website, but this webpage specifically illustrates and advertises Classic Brands products. The webpage has a selectable "FURNITURE" pulldown menu with a hypertext link entitled "Upholstered Platform Bed". If the potential customer selects this hypertext link, the potential customer is served with another webpage that illustrates numerous infringing Classic Brands beds that are being offered for

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 4 -
INFRINGEMENT

sale.  One of these infringing Classic Brands beds is the same DeCoro Mornington upholstered platform bed advertised on the www.ClassicBrands.com webpage.  Each of the illustrated infringing beds is presented with a price as well as an "ADD TO CART" button.  If the potential purchaser clicks on the "ADD TO CART" button for a particular infringing bed, the potential purchaser is taken to another webpage that shows the particular bed in enlarged fashion.  Underneath the title of the bed appear the words "by Classic Brands".   A video is made available for the potential customer to view.  The video shows two people assembling an infringing bed.  Two buttons labeled "Add to Cart" and "Buy Now" are presented on the webpage.  The potential customer is induced to purchase the illustrated infringing bed as a customer might purchase any other product from Amazon.com.  In going through the steps of purchasing the bed, the potential customer is prompted to enter an address where the purchased bed will be delivered.  If a potential customer purchases an infringing Classic Brands bed in this way from the www.Amazon.com website, then the purchased bed is delivered to the customer at the indicated address in this District.  The bed is delivered in one packing box.  All the components of the bed other than the headboard are disposed in a zippered compartment in the headboard.  Provided in the headboard compartment is also a set of written step-by-step assembly instructions.  These assembly instructions induce and instruct a purchaser of the bed to assemble the bed and then to use the assembled bed.  Use of the assembled bed constitutes direct infringement in this District under 35 U.S.C. §271.  This direct infringement is induced by Classic Brands due to Classic Brands' serving the webpages of the www.ClassicBrands.com website in this District to potential customers, and by Classic Brands directing, facilitating, and aiding and abetting the sales of infringing beds to potential customers in this District such that the customers receive and then use the beds in this District.  Classic Brands' directing, facilitating, and aiding and abetting the sale of infringing beds to end

users of the beds in this District also amounts to contributory infringement of the '123 Patent and the '382 Patent under 35 U.S.C. 271(c) because the beds have no substantial noninfringing use and because Classic Brands knew that the beds had no substantial noninfringing use at the time the beds were provided to the customers.

11. On June 7, 2019, Mr. Randall Green was physically located in this District at his home in Temecula, California. *See* the accompanying Declaration of Randall Green, ¶¶1, 7. Mr. Green used a cellular telephone and personal computer to view web pages of the www.ClassicBrands.com website. On that website, Mr. Green viewed a picture of an infringing bed, called the DeCoro Mornington Upholstered Headboard and Bed Frame. Decl. of Green, ¶¶2, 3. The Classic Brands webpage presented Mr. Green with a "Where To Buy" hypertext link. Decl. of Green, ¶¶3, 4. Mr. Green clicked on the "Where To Buy" hypertext link and was taken to another webpage of the Classic Brands website entitled "Where To Buy Classic Brands Products". Decl. of Green, ¶4. The "Where To Buy Classic Brands Products" webpage included a selectable icon labeled "amazon.com". Decl. of Green, ¶4. Mr. Green clicked once on the selectable "amazon.com" icon, and was taken directly to a www.amazon.com web page that displayed "CLASSIC BRANDS" in large font. Decl. of Green, ¶5. The www.amazon.com web page showed multiple different Classic Brands products for sale. Mr. Green found the DeCoro Mornington bed he had seen earlier on the www.ClassicBrands.com website. Mr. Green then made an on-line purchase of the DeCoro Mornington bed from the Amazon.com website. Decl. of Green, ¶6-8. Mr. Green paid by credit card. In making the purchase, Mr. Green listed his home in Temecula as the place where the bed was to be delivered. On June 11, 2019, a DeCoro Mornington bed was delivered to Mr. Green at his home in Temecula, California. Decl. of Green, ¶9. The bed arrived in a single packing box. Decl. of Green, ¶9. Mr. Green opened the packing box and found a

headboard inside. Decl. of Green, ¶¶13, 14.  On the headboard was a label that said "MADE FOR Classic Brands LLC".  Decl. of Green, ¶15.  The headboard had a zippered compartment. Decl. of Green, ¶16, 17.  In the zippered compartment were all the other components of the bed (other than the headboard) as well as written assembly instructions. Decl. of Green, ¶¶17-19.  Mr. Green followed the written assembly instructions and assembled the bed. Decl. of Green, ¶20-27.  After assembling the bed, Mr. Green then used the bed in his home in Temecula, California by sleeping on the bed. Decl. of Green, ¶28, 29. While Mr. Green was located in Temecula, California in this District, Classic Brands induced Mr. Green to purchase the Mornington bed, to assemble the Mornington bed, and to use the Mornington bed in this District.

12.   Classic Brands' acts of inducing infringement of the '123 Patent and the '382 Patent (including its acts of inducing Mr. Green to buy and use the Mornington bed) were committed: 1) when Classic Brands knew of the '123 Patent and the '382 Patent, and 2) when Classic Brands knew that the acts it was inducing would constitute direct infringement of the '123 Patent and the '382 Patent.  Classic Brands' knowledge that the induced acts would constitute direct infringement is revealed by an exchange of a cease-and-desist notice letter, and a response to the notice letter.  On January 13, 2018, counsel for Zinus sent Classic Brands a cease-and-desist notice letter.  A true and correct copy of the cease-and-desist letter is attached as Exhibit C to the accompanying Declaration of Darien Wallace.  This notice letter identifies numerous infringing Classic Brands beds, including the "DeCoro Mornington Upholstered Platform Bed".  The notice letter states that the Mornington bed "infringes multiple claims of the '123 Patent and the '382 Patent".  The notice letter specifically calls out claims 1 and 2 of the '123 Patent.  The notice letter states, "[W]e demand that Classic Brands cease and desist immediately from all advertising, distribution and sale of the platform beds that fall within the scope of the claims of the '123 and '382 Patents,

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT           - 7 -
INFRINGEMENT

including removing offers to sell the infringing products from the website amazon.com." Classic Brands received the Zinus notice letter and then responded to the Zinus notice letter by having a law firm by the name of Collen IP Intellectual Property Law, P.C. send counsel for Zinus a response letter dated February 13, 2018. A true and correct copy of Classic Brands' response letter is attached as <u>Exhibit D</u> to the accompanying Declaration of Darien Wallace. The response letter states, "We have considered the allegations in your letter . . .." The Classic Brands response letter indicates that Classic Brands reviewed the claims of the '123 Patent and the '382 Patent with respect to Classic Brands' products referred to by Zinus in the Zinus notice letter. Classic Brands knew that end customers who bought the infringing beds and then assembled the infringing beds according to the assembly instructions provided would then use those beds in the United States. Despite having received the Zinus notice letter, Classic Brands thereafter took actions to induce the direct infringement of the '123 Patent and the '382 Patent in this District. Classic Brands continued to advertise infringing beds on its www.ClassicBrands.com website, and continued to aid and abet the sale of infringing beds to end customers so that those end customers would then follow the provided assembly instructions, would assemble the beds, and would then use the beds.

13. Classic Brands maintains a regular and established place of business in this District by operating a warehouse, factory, and office facility located at 1431 Via Plata St., Long Beach, California 90810. As of June 2018, about thirty Classic Brand employees were working at the 1431 Via Plata Street facility. The facility is larger than 100,000 square feet in size. The www.ClassicBrands.com website states, "In addition to our Baltimore headquarters, our second warehouse in Los Angeles positions us to better serve the entire country." A June 27, 2018, LLC-12 form on file with the Secretary of State of the State of California lists Classic Brands as a foreign entity doing business in California, and lists 1431 Via

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 8 -
INFRINGEMENT

Plata Street, Long Beach, California 90810 as a business address of Classic Brands.

## FACTUAL BACKGROUND

### ZINUS' PATENTS

14.   Mr. Suk Kan Oh was an employee of Zinus. Mr. Suk Kan Oh invented an assemblable mattress support (bed frame) that can be shipped to an end user with all the components of the bed other than the headboard compactly packed in a zippered compartment in the headboard.  After shipment to the end user, the end user can open the zippered compartment, remove the components, and assemble those components along with the headboard to make a mattress support (bed frame).

15.   On September 25, 2013, a patent application describing and claiming Mr. Suk Kan Oh's assemblable mattress support invention was filed into the United States Patent and Trademark Office as U.S. Patent Application serial number 14/037,322.  The patent application was entitled, "Assemblable Mattress Support Whose Components Fit Inside The Headboard."  Mr. Suk Kan Oh assigned the entire right, title and interest in his invention as described and claimed in the 14/037,322 patent application to Zinus, Inc.  The 14/037,322 patent application was examined by the U.S. Patent Office, and was allowed. The 14/037,322 patent application then issued on January 13, 2015 as U.S. Patent Number 8,931,123 ("the '123 Patent").

16.   On December 15, 2014, a patent application directed to Mr. Suk Kan Oh's assemblable mattress support invention was filed into the United States Patent and Trademark Office as U.S. Patent Application serial number 14/570,124.  The patent application was entitled, "Assemblable Mattress Support Whose Components Fit Inside The Headboard."  Mr. Suk Kan Oh assigned the entire right, title and interest in his invention as described and claimed in the 14/570,124 patent application to Zinus, Inc.  The 14/570,124 patent application

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 9 -
INFRINGEMENT

was examined by the U.S. Patent Office, and was allowed.  The 14/570,124
patent application then issued on October 25, 2016 as U.S. Patent Number
9,474,382 ("the '382 Patent").

17.   Replicated below is FIG. 3 of the '123 Patent and the '382 Patent.  The
figure illustrates components of the bed frame (including the footboard and the
longitudinal bar) disposed inside a zippered compartment in the back of the
headboard.  The bed frame is illustrated with the zippered flap of the compartment
open when the assemblable bed frame is in the "compact state", at the beginning
of the assembly process, before the bed frame has been fully assembled.



18.   Replicated below is FIG. 1 of the '123 Patent and the '382 Patent.
The figure illustrates the assemblable bed frame in its final "assembled state".

/ / /

/ / /

/ / /

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 10 -
INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18  19.  Zinus manufactures and sells several different models of headboard

19  bed frames that fall within the scope of the claims of the '123 and '382 Patents.

20  Substantially all of the patented headboard bed frames sold by Zinus are marked

21  pursuant to 35 U.S.C. §287 with "U.S. PAT. NO. 8,931,123" and with "U.S.

22  PAT. NO. 9,474,382".

23  20.  The patented headboard bed frame of the '123 and '382 Patents is a

24  very successful commercial product.  To date, Zinus has made more than $100

25  million in gross revenue selling different models and styles of the patented bed.

26  21.  One example of a headboard bed frame sold by Zinus is the Gerard

27  Deluxe Faux Leather Upholstered Platform Bed shown below for sale on the

28  www.amazon.com website.

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 11 -
INFRINGEMENT



Zinus Gerard Deluxe Faux Leather Upholstered Platform Bed / Mattress Foundation / Easy Assembly / Strong Wood Slat Support, King

by Zinus

★★★★☆  4,668 customer reviews | 1000+ answered questions

Amazon's Choice for "king size headboard an..."

Price: $303.51 & FREE Shipping. Details

Get $50 off instantly: Pay $303.51 $253.51 upon approval for the Amazon Rewards Visa Card. No annual fee.

Size: King

| Twin | Full | Queen | King |

| California King |

**CLASSIC BRANDS INFRINGES ZINUS' PATENTS**

22.  Classic Brands advertises numerous types of upholstered platform beds on the www.ClassicBrands.com website, as replicated below.



These types of beds include: 1) Coventry Upholstered Headboard and Platform Bed Frame; 2) Mornington Upholstered Headboard and Platform Bed Frame; 3) Cranleigh Upholstered Headboard and Platform Bed Frame; 4) Cambridge Upholstered Headboard and Platform Bed Frame; 5) Winterhaven Upholstered Headboard and Platform Bed Frame; 6) Wellesley Upholstered Headboard and Platform Bed Frame; 7) Berkeley Upholstered Headboard and Platform Bed Frame; and 8) Brighton Upholstered Headboard and Platform Bed Frame.

23.   One or more claims of the '123 Patent reads on each and every one of the types of beds set forth above in paragraph 22 .  Each and every one of the types of beds set forth above in paragraph 22 literally infringes one or more claims of the '123 Patent.

24.   One or more claims of the '382 Patent reads on each and every one of the types of beds set forth above in paragraph 22.  Each and every one of the types of beds set forth above in paragraph 22 literally infringes one or more claims of the '382 Patent.

25.   On information and belief, each of the types of beds set forth above in paragraph 22 is manufactured for Classic Brands in China.  Each of these beds bears the inscription "MADE FOR Classic Brands LLC" and "MADE IN CHINA".  Classic Brands then imports these beds into the United States, and then sells these beds in the United States.

## ZINUS DETECTS INFRINGEMENT AND NOTIFIES CLASSIC BRANDS

26.   In or about January 2018,  Zinus became aware that infringing headboard bed frames were being sold on www.amazon.com under the seller name DeCoro.  Replicated below is a copy of one of the webpages that was advertising an infringing DeCoro bed.

/ / /

/ / /

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 13 -
INFRINGEMENT

27.   On or about January 8, 2018, Zinus purchased a unit of the advertised "DeCoro Mornington Upholstered Platform Bed" that was advertised on the www.amazon.com website.  The purchased headboard bed frame was delivered to Zinus at 1951 Fairway Drive, San Leandro, California 94577.

28.   The bed as shipped and as received by Zinus was contained in a single packing box.  Within this single packing box was a headboard.  All of the components of the bed other than the headboard were contained in a zippered compartment in the back of the headboard.  More specifically, a footboard and a longitudinal bar were contained in the zippered compartment.  The longitudinal bar included a first connector adapted to attach to a corresponding third connector on the headboard.  The longitudinal bar also included a second connector adapted to attach to another corresponding fourth connector on the footboard.  In addition, two headboard legs and two footboard legs were contained in the zippered compartment.  In addition, four side panels were contained in the zippered compartment, two side rail support legs, and a set of wooden slats.  Replicated

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 14 -
INFRINGEMENT

below is a copy of a photograph showing the bed after the headboard has been removed from the packing box.  The zippered compartment has been opened, and some of the contents of the compartment have been removed.  Counsel for Zinus confirmed that the bed infringed at least one claim of the '123 Patent and at least one claim of the '382 Patent.



29.   On January 13, 2018, counsel for Zinus sent a cease-and-desist notice letter to Classic Brands.  A true and correct copy of the cease-and-desist notice letter is attached as Exhibit C to the accompanying Declaration of Darien Wallace.  The cease-and-desist notice letter was addressed to Michael Zippelli, Chief Executive Officer, Classic Brands, LLC, 8214 Wellmoor Court, Jessup, MD 20794.  The cease-and-desist notice letter included a copy of the '123 Patent, a copy of the '382 Patent, and informed Classic Brands that the DeCoro Mornington platform bed that was sold on www.amazon.com "infringes multiple claims of the '123 Patent and the '382 Patent."

30.   On February 13, 2018, Classic Brands responded to the Zinus notice letter by having its intellectual property counsel send counsel for Zinus a response letter.  A true and correct copy of Classic Brands' response letter is attached as Exhibit D to the accompanying Declaration of Darien Wallace.  The Classic Brands response letter states, "We are writing in response to your January 13, 2018 letter in which you allege that a bed frame product sold by Classic Brands infringes Zinus Inc.'s US Patent Nos. 8,931,123 and 9,474,382.  We have

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 15 -
INFRINGEMENT

considered the allegations in your letter and have concluded that these claims are without merit." The Classic Brands response letter states in pertinent part that "the inventions claimed in the '123 and '382 Patents are not novel" and that "the accused product does not infringe any of the claims of the alleged patents."

<strong>CLASSIC BRANDS CONTINUES TO INFRINGE</strong>

31. After receiving the January 13, 2018 cease-and-desist notice letter from Zinus, Classic Brands continued to infringe the '123 Patent and the '382 Patent. On or about June 7, 2019, Classic Brands' continued infringement was confirmed. As explained above, Mr. Randall Green of Temecula California viewed a webpage of the www.ClassicBrands.com website on June 7, 2019. Decl. of Green, ¶3. Mr. Green saw the DeCoro Mornington bed advertised there. Replicated below is a part of the webpage Mr. Green viewed. A DeCoro Mornington Upholstered Headboard and Bed Frame is pictured.



32. Mr. Green viewed a "Where To Buy" hypertext link located in the upper left of the Classic Brands webpage. Mr. Green clicked on the "Where To Buy" hypertext link to buy the bed, and was directed to a webpage on www.Amazon.com dedicated to Classic Brands products. Decl. of Green, ¶4.

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT           - 16 -
INFRINGEMENT

Mr. Green followed the provided instructions and purchased the same DeCoro Mornington bed that was advertised on the www.ClassicBrands.com website. Decl. of Green, ¶¶5-8.  On June 11, 2019, the bed was delivered to Mr. Green at his home in Temecula, California. Decl. of Green, ¶9.  The bed (hereinafter referred to as the "Green bed") arrived in a single cardboard packing box. Decl. of Green, ¶9.  Within this single cardboard packing box was a headboard. Decl. of Green, ¶¶13,14.  All of the components of the Green bed other than the headboard were contained in a zippered compartment located in the back of the headboard.  Also contained in the zippered compartment were written assembly instructions. Decl. of Green, ¶¶16-18.  Replicated below is a copy of a photograph of the Green bed.  The top of the packing box has been removed. The backside of the headboard is seen, with its zippered flap that closes the zippered compartment.



    33.  Mr. Green followed the written assembly instructions and assembled the Green bed. Decl. of Green, ¶¶20-27.  Replicated below is a copy of a photograph of the Green bed after it had been assembled by Mr. Green. Decl. of Green, ¶27, Exh AL.

1
2
3
4
5
6
7
8
9
10
11



12  34.  The Green bed seen in the photograph above embodied all the

13  limitations of claim 1 of the '123 Patent, and therefore fell within the scope of

14  claim 1 of the '123 Patent.  The Green bed also embodied all the limitations of

15  claim 18 of the '382 Patent, and therefore fell within the scope of claim 18 of the

16  '382 Patent.  Classic Brand's sale of the Green bed in the United States therefore

17  constituted infringement of the '123 Patent and the '382 Patent.  On information

18  and belief, Classic Brands deliberately sold the Green bed to Amazon.com, so that

19  Amazon.com could in turn sell the Green bed to an end user, such as Mr. Green.

20  35.  In addition to infringing the '123 Patent and the '382 Patent by

21  importing the Green bed into the United States from China and then selling the

22  Green bed in the United States, Classic Brands also induced infringement of the

23  '123 Patent and the '382 Patent by advertising the bed to Mr. Green on

24  www.ClassicBrands.com and by inducing Amazon.com to sell the bed to Mr.

25  Green.  Classic Brands also induced infringement of the '123 Patent and the '382

26  Patent by inducing amazon.com to supply an infringing bed to Mr. Green, and by

27  inducing Mr. Green to assemble the bed so that Mr. Green would then use the

28  bed.  Classic Brands committed these acts of inducement after Classic Brands:

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 18 -
INFRINGEMENT

1) knew of the existence of the '123 Patent and the '382 Patent (due at least in part to Classic Brands having received the Zinus cease-and-desist letter), and 2) knew that the acts Classic Brands was inducing would constitute infringement of claims of the '123 Patent and the '382 Patent.

36. Not only did Classic Brands induce infringement under 35 U.S.C. §271(b), but Classic Brands also contributed to the direct infringement of others under 35 U.S.C. §271(c). The Green bed as it was supplied to Mr. Green had no substantial noninfringing use. Classic Brands role in supplying the Green bed to Mr. Green, with knowledge that use of the bed would constitute direct infringement of the '123 Patent and the '382 Patent, makes Classic Brands liable for contributory infringement under 35 U.S.C. §271(c).

**COUNT ONE – INFRINGEMENT OF U.S. PATENT 8,931,123**

37. Zinus realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth verbatim in this Count.

38. Zinus is the owner, by assignment, of U.S. Patent No. 8,931,123, entitled "Assemblable Mattress Support Whose Components Fit Inside The Headboard."

39. As owner of the '123 Patent, Zinus holds all substantial rights in and under the '123 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

40. The United States Patent and Trademark Office issued the '123 Patent on January 13, 2015.

41. The '123 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code and a full examination by the Patent Office.

42. Classic Brands has directly infringed the '123 Patent by importing, offering for sale, and selling platform bed frames, such as the DeCoro Mornington platform bed, in the United States during the term of the patent without

authorization of the patent owner.  The importation, offer for sale, and sale of such platform bed frames infringes at least one claim of the '123 Patent, including at least claim 2, either literally or equivalently in violation of 35 U.S.C. § 271 *et seq.*

43.   Classic Brands has indirectly infringed the '123 Patent by inducing others to import, offer for sale, sell and use of infringing platform bed frames, such as the DeCoro Mornington platform bed.  This constitutes induced infringement under 35 U.S.C. § 271(b).

44.   Classic Brands has indirectly infringed the '123 Patent by contributing to the direct infringement of others.  Classic Brands has sold platform bed frames (such as  the DeCoro Mornington platform bed) in the United States, where the platform bed frames that were sold have no substantial noninfringing use.  This constitutes contributory infringement under 35 U.S.C. § 271(c).

45.   Despite having knowledge of the '123 Patent, Classic Brands continues to cause the importation, offer for sale, sale and use of infringing platform bed frames, such as the DeCoro Mornington platform bed.

46.   Classic Brands' infringement of the '123 Patent has been, and continues to be, willful and deliberate.

47.   The infringement of the '123 Patent by Classic Brands has caused and continues to cause substantial damage to Zinus.

48.   Pursuant to 35 U.S.C. § 284, Zinus is entitled to damages from Classic Brands for infringement of the '123 Patent.

49.   Unless enjoined by the Court, Classic Brands will continue its acts of infringement (direct infringement, inducing others to infringe, and contributing to the infringement of others), and the resulting damage to Zinus will be substantial, continuing and irreparable.  Pursuant to 35 U.S.C. § 283, Zinus is entitled to a permanent injunction against further infringement by Classic Brands.

**COUNT TWO – INFRINGEMENT OF U.S. PATENT 9,474,382**

50.   Zinus realleges and incorporates by reference the allegations set forth

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT                    - 20 -
INFRINGEMENT

in the preceding paragraphs as if set forth verbatim in this Count.

51. Zinus is the owner, by assignment, of U.S. Patent No. 9,474,382, entitled "Assemblable Mattress Support Whose Components Fit Inside The Headboard."

52. As owner of the '382 Patent, Zinus holds all substantial rights in and under the '382 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

53. The United States Patent and Trademark Office issued the '382 Patent on October 25, 2016.

54. The '382 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code and a full examination by the Patent Office.

55. Classic Brands has directly infringed the '382 Patent by importing, offering for sale, and selling platform bed frames, such as the DeCoro Mornington platform bed, in the United States during the term of the patent without authorization of the patent owner. The importation, offer for sale, and sale of such platform bed frames infringes at least one claim of the '382 Patent, including at least claim 18, either literally or equivalently in violation of 35 U.S.C. § 271 *et seq.*

56. Classic Brands has indirectly infringed the '382 Patent by inducing others to import, offer for sale, sell and use of infringing platform bed frames, such as the DeCoro Mornington platform bed. This constitutes induced infringement under 35 U.S.C. § 271(b).

57. Classic Brands has indirectly infringed the '382 Patent by contributing to the direct infringement of others. Classic Brands has sold platform bed frames (such as the DeCoro Mornington platform bed) in the United States, where the platform bed frames that were sold have no substantial noninfringing use. This constitutes contributory infringement under 35 U.S.C. § 271(c).

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT            - 21 -
INFRINGEMENT

58.   Despite having knowledge of the '382 Patent, Classic Brands continues to cause the importation, offer for sale, and sale of infringing platform bed frames, such as the DeCoro Mornington platform bed.

59.   Classic Brands' infringement of the '382 Patent has been, and continues to be, willful and deliberate.

60.   The infringement of the '382 Patent by Classic Brands has caused and continues to cause substantial damage to Zinus.

61.   Pursuant to 35 U.S.C. § 284, Zinus is entitled to damages from Classic Brands for infringement of the '382 Patent.

62.   Unless enjoined by the Court, Classic Brands will continue its acts of infringement (direct infringement, inducing others to infringe, and contributing to the infringement of others), and the resulting damage to Zinus will be substantial, continuing and irreparable.  Pursuant to 35 U.S.C. § 283, Zinus is entitled to a permanent injunction against further infringement by Classic Brands.

## **PRAYER FOR RELIEF**

WHEREFORE, Zinus prays for relief as follows:

1.   For a judgment declaring that Classic Brands has directly infringed the '123 Patent and the '382 Patent in violation of 35 U.S.C. § 271(a);

2.   For a judgment declaring that Classic Brands has induced infringement of the '123 and '382 Patents in violation of 35 U.S.C. § 271(b);

3.  For a judgment declaring that Classic Brands has contributed to the infringement of the '123 and '382 Patents in violation of 35 U.S.C. § 271(c);

4.   For a judgment declaring that the acts of infringement committed by Classic Brands (Classic Brands' direct infringement under 35 U.S.C. § 271(a), Classic Brands' inducing of others to infringe under 35 U.S.C. § 271(b), and Classic Brands' contributing to the infringement of others under 35 U.S.C. § 271(c)) have been and continue to be willful;

5.   For an accounting of additional infringing acts not presented at trial

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 22 -
INFRINGEMENT

and an award of additional damages due to any such additional infringing acts;

6.    For a judgment ordering Classic Brands to pay Zinus compensatory damages, such as lost profits, as a result of Classic Brands' infringement of the '123 and '382 Patents, together with prejudgment interest and costs, and in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

7.    For a judgment that damages be increased to three times the amount assessed as provided by 35 U.S.C. § 284;

8.    For a permanent injunction under 35 U.S.C. § 283 enjoining Classic Brands, and all persons acting in concert with Classic Brands, from committing further acts of direct infringement of the '123 and '382 Patents, from committing further acts of inducing others to infringe the '123 and '382 Patents, and from committing further acts of contributing to the direct infringement of others of the '123 and '382 Patents;

9.    For a judgment that this case is exceptional under 35 U.S.C. § 285;

10.   For an award of attorney fees for bringing and prosecuting this action;

11.   For an award of costs and expenses incurred by Zinus in bringing and prosecuting this action; and

12.   For such other and further relief as this Court deems just and proper.


Dated: June 22, 2019                    IMPERIUM PATENT WORKS LLP

                                        By:  ____/s/ Darien K. Wallace____
                                             Darien K. Wallace

                                        Darien K. Wallace, Esq.
                                        T. Lester Wallace, Esq.
                                        Amir V. Adibi, Esq.
                                        Andrew C. Palmer, Esq.

                                        *Attorneys for Plaintiff*
                                        ZINUS, INC.

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT          - 23 -
INFRINGEMENT

## **DEMAND FOR JURY TRIAL**

Plaintiff, ZINUS, INC. hereby demands a trial by jury as to all issues and causes of action so triable herein, pursuant to Federal Rule of Civil Procedure 38.

Dated: June 22, 2019                    IMPERIUM PATENT WORKS LLP


                                        By:   _/s/ Darien K. Wallace_
                                              Darien K. Wallace

                                        Darien K. Wallace, Esq.
                                        T. Lester Wallace, Esq.
                                        Amir V. Adibi, Esq.
                                        Andrew C. Palmer, Esq.

                                        *Attorneys for Plaintiff*
                                        ZINUS, INC.

PLAINTIFF ZINUS, INC.'S
COMPLAINT FOR PATENT            - 24 -
INFRINGEMENT